**UNITED STATES of America, Plaintiff—Appellee,**

v.

**Otto BEARCHILD, Defendant— Appellant.**

No. 02–30372.
D.C. No. CR–02–00028–SEH.

United States Court of Appeals, Ninth Circuit.

**630**

Submitted Jan. 7, 2004.*

Decided Jan. 15, 2004.

Marcia Good Hurd, USMO–Office of The U.S. Attorney, Billings, MT, for Plaintiff–Appellee.

Anthony R. Gallagher, Federal Defenders Office, Great Falls, MT, for Defendant–Appellant.

Before GRABER, TALLMAN, and CLIFTON, Circuit Judges.

## MEMORANDUM**

Defendant Otto Bearchild was charged with aggravated sexual abuse of a minor, 18 U.S.C. § 2241(c); a jury found him guilty of the lesser included offense of abusive sexual conduct, 18 U.S.C. § 2244(c). He appeals his sentence.

1. The district court correctly chose the guideline to be applied. U.S.S.G. § 1B1.2 applies to the initial selection of an offense guideline. Here the district court used the guideline for the crime of conviction, abusive sexual conduct, found in section 2A3.4. That guideline itself contains a cross-reference to another guideline, section 2A3.1, in certain circumstances; nothing in U.S.S.G. § 1B1.2 precludes a cross-reference of that kind.

2. The district court did not err in finding that the circumstances for using the cross-reference were present. The district court permissibly found that the victim's testimony established, by clear and convincing evidence, that Defendant had touched her vaginal area directly, meaning that the offense involved "criminal sexual abuse" as defined in 18 U.S.C. § 2241(c). The district court's finding is consistent with the jury's verdict because of the differing burden of proof. A court may consider acquitted conduct as "relevant conduct" in its sentencing calculations if it finds that the government proved the conduct by a preponderance of the evidence (or, where required, by clear and convincing evidence). *United States v. Watts,* 519 U.S. 148, 157, 117 S.Ct. 633, 136 L.Ed.2d 554 (1997) (per curiam); *United States v. Hopper,* 177 F.3d 824, 833 (9th Cir.1999). Neither the holdings nor the logic of those cases differentiates between acquittal of a factually related offense and acquittal of a factually unrelated offense.

3. The constitutional principles recognized in *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), do not affect Defendant's sentence because his sentence did not exceed the statutory maximum. *Harris v. United States,* 536 U.S. 545, 565, 122 S.Ct. 2406, 153 L.Ed.2d 524 (2002).

AFFIRMED.

---

* This panel unanimously finds this case suitable for decision without oral argument. Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3.